The Honorable Mike Huckabee Lieutenant Governor State Capitol Little Rock, Arkansas 72201
Dear Lieutenant Governor Huckabee:
This is in response to your request for an opinion on the funding of transition expenses incurred in making the change of administration necessary in light of the Governor's impending resignation. You indicate that your request for Governor's "emergency funds" to fund the transition was denied because no such funds are available from that source. Additionally, you note, the Lieutenant Governor's office has no available funds in its fiscal year budget for this purpose. You state that transition efforts are in full swing and you want to ensure that the funding of the transition stays within the letter and spirit of the state laws regarding ethics and contributions. In that regard, you have asked for an expedited opinion from my office on the following question:
 Can the Republican Party of Arkansas pay the expenses of my transition office, under Chapter 6 of Title 7 and Chapter 8 of Title 21 [of the Arkansas Code]? And, would any other laws prohibit this plan?
I have found no state law prohibition against the action you suggest. It must be recognized, however, that the Arkansas Ethics Commission has the jurisdiction and authority to issue advisory opinions on the two Arkansas Code chapters you reference. That entity should thus be consulted for a conclusive determination of your question.
The specific chapters of the Arkansas Code to which you refer govern "Campaign Practices" and "Ethics and Conflicts of Interest," respectively. I have reviewed these chapters and it appears that the only provision contained therein which stands as a possible prohibition to the proposal is A.C.A. § 21-8-801(1) (Supp. 1995).[1] This provision prohibits any "public servant" from receiving compensation, "other than income and benefits from the governmental body to which he or she is duly entitled, for the performance of the duties and responsibilities of his or her office or position." A question may arise as to whether the transition salaries under the proposal will be paid to "public servants." That term is defined at A.C.A. § 21-8-402(17) (Supp. 1995), and includes a "public employee," which is defined as "an individual who is employed by a governmental body or who is appointed to serve a governmental body."See A.C.A. § 21-8-402(16). It is my understanding that the "transition salaries" which you propose to privately fund will be paid to persons who are not currently state employees, and that no current state employees will receive supplemental income from the private funds. The statute above, however, is not restricted to state "employees," but applies to all persons "appointed to serve a governmental body." A fact question may thus arise as to whether the persons paid the transition salaries will serve a "governmental body." In my opinion, from my understanding of the facts, this provision would not appear to apply in this instance to prohibit the action you suggest. I must note, however, that the Arkansas Ethics Commission is charged with the responsibility of issuing advisory opinions on the laws contained in these two subchapters (see A.C.A. §7-6-217 (g)(2)), and with the enforcement of these provisions. See
A.C.A. § 7-6-217(g) (Supp. 1995). The determination of the legality of the action you suggest, at least under these two chapters of the Arkansas Code, is within the jurisdiction of that Commission. My opinion is not binding upon that agency.
In response to the second part of your question, regarding whether there are any other laws which would prohibit the proposed private funding, my research has disclosed no prohibitory provisions of the Arkansas Code or Arkansas Constitution.[2] Again, it does not appear that the transition salaries to be funded privately will be paid to state employees or from state funds. This fact appears to render inapplicable provisions such as Arkansas Constitution, art 16, § 4 and the "Regular Salary Procedures and Restrictions Act." See A.C.A. § 19-4-1601(b)(3)(c) and (b)(4) and A.C.A. § 25-5-101 (1987). Additionally, even if the private funding of these expenses could be construed as a gift or donation to the Office of the Lieutenant Governor (which from my understanding of the facts is a remote possibility), it appears that any such funds would be exempted from the requirements of the "General Accounting and Budgetary Procedures Law" which governs the regulation and appropriation of "cash funds." Even though the Lieutenant Governor's office is not exempted from the subchapter governing the regulation and appropriation of "cash funds" (see A.C.A. § 19-4-801(1)(B)), a separate provision of this law, A.C.A. § 19-4-803(a), exempts from the cash fund requirements "memorials, endowments, bequests, gifts, and donations made to any state agency otherthan for normal operation of the agency. . . ." (Emphasis added.) Finally, A.C.A. § 19-4-1806 provides that: "All state agencies are authorized to accept grants, aids, and donations and to enter into contracts to accept grants, aids, and donations. Following procedures prescribed by the Chief Fiscal Officer of the State, funds received from grants, aids, and donations may be deposited, disbursed, budgeted, and regulated." (Emphasis added.)[3]
In short, assuming the facts stated above, I find no state law prohibiting the planned private funding of transition expenses. This conclusion also assumes a favorable opinion from the Arkansas Ethics Commission on the provisions of law within its jurisdiction, and upon compliance with any applicable federal laws governing the use of campaign contributions and funds held by the Arkansas Republican Party.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] There may be some applicable reporting requirements if any of the equipment or funds supplied could be construed as "gifts" under A.C.A. § 21-8-701(d)(7) (Supp. 1995).
[2] In my opinion, the existence of two possible alternate avenues of funding transition expenses do not, by their very existence, preclude the proposed private funding you suggest. Section 25-16-205 (1987) of the Arkansas Code authorizes the payment of "transition funds" to an individual who has been elected Governor, and A.C.A. § 21-5-301 to -310 authorizes the transfer of funds in an agency's budget to fund emergency "supplemental personal services" to fulfill an agency's unanticipated legal responsibilities. Cf. also A.C.A. § 21-13-101 to 21-13-111
(regarding state and local government volunteers).
[3] The situation you present is not altogether unlike the one presented in Op. Att'y Gen. 96-083, in which the issue was the Governor's appointment of a "special assistant" (a privately paid non-state employee) to aid in the operation of the Governor's office during his criminal trial. In Op. Att'y Gen. 96-083, I did not find a constitutional infirmity with that course of action.